1 | Randy H. McMurray (SBN 126888)
2 | Yana G. Henriks (SBN 250638)
  | McMURRAY HENRIKS, LLP
3 | 5670 Wilshire Boulevard, Suite 1450
  | Los Angeles, California 90036
4 | Telephone: (323) 931-6200
  | Facsimile:  (323) 931-9521
5 | Email: rmcmurray@law-mh.com
  | Email: yhenriks@law-mh.com

6 | Attorneys for Plaintiff
7 | KAMISHA DAVIDSON

8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA

| KAMISHA DAVIDSON, an individual, by and through her Conservator, Donna Haynes, | Case No. CV13-09004-PSG(JEMx) (LASC Case No. BC525937) |
|---|---|
| Plaintiff, | The Honorable Philip S. Gutierrez |
| v. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| CITY OF LOS ANGELES, a public entity; CHARLIE BECK, individually and in his Official Capacity as Chief of Police of the Los Angeles Police Department; JAMES SAXTON, an individual; ELDEN MARQUEZ, an individual; and DOES 1-25, inclusive, | [Declarations of Yana G. Henriks, Steven Ridgill, Melina Shahbazian, and Edgar Martinez filed concurrently herewith] |
| Defendants. | DATE:    February 24, 2014<br>TIME:    1:30 p.m.<br>PLACE:  Courtroom 880 |

1

# TO THE HONORABLE PHILIP S. GUTIERREZ, UNITED STATES DISTRICT COURT JUDGE, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on February 24, 2014, at 1:30 p.m. or as soon thereafter as this matter may be heard, in Courtroom 880 of the United States District Court for the Central District of California, located at 255 East Temple Street, in Los Angeles, California, Plaintiffs and Counter-claimants Randy H. McMurray, P.C., and Randy H. McMurray (collectively herein "McMurray") will and hereby do move for an order striking the First through Eighth Affirmative Defenses and paragraphs 12, 13, 14, 15, 16, 17, 20, 27, and 33 of the denials of Defendants' Answer [ECF No. 5], and deeming admitted paragraphs 13, 14, 15, 16, 17, 20, 27, and 33 of Plaintiff's Complaint [ECF No. 1].

This Motion to Strike is made on the ground that Defendants First through Eighth Affirmative Defenses contain improper matter and are insufficient in that they fail to give Plaintiff fair notice of the defenses, and on the ground that paragraphs 12, 13, 14, 15, 16, 17, 20, 27, and 33 of Defendants denials are made in bad faith in that the purport to deny on the basis of a lack of knowledge facts of which Defendants must have personal knowledge.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 26, 2013.

This Motion to Strike is based upon this Notice, the attached Memorandum of Points and Authorities, and the concurrently filed Declarations of Yana G. Henriks, Steven Ridgill, Melina Shahbazian, and Edgar Martinez as well as the file and

///

///

records of this action and any additional oral or documentary evidence as the Court may admit and consider.

Dated: December 31, 2013 **McMURRAY HENRIKS, LLP**

By: _/S/ Yana Henriks_
YANA G. HENRIKS, Esq.
Attorney for Defendant
KAMISHA DAVIDSON

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................... 1
II. ARGUMENT .......................................................................................... 2
    A. Standard for Granting a Motion to Strike ................................... 2
    B. The Court Should Strike Defendants' Serial Denials Based on Lack of Knowledge Because They Were Clearly Made in Bad Faith ............................................................................................ 3
    C. The Court Should Strike Defendants' Affirmative Defenses Because They Utterly Fail to Give Plaintiff Fair Notice of the Factual Grounds Upon Which They Are Being Asserted ................... 6
        i. The First Affirmative Defense of Failure to State a Claim Is Improper Because It Is an Assertion of a Defect and Not an Affirmative Defense ................................................................. 6
        ii. Defendants Fail to Plead Their Second and Third Affirmative Defenses Asserting Qualified Immunities with Enough Particularity ................................................................ 7
        iii. Defendants' Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses Consist Entirely of Conclusory Allegations and Fail to Give Fair Notice to Plaintiffs of Defendants' Factual Grounds for Bringing Them ...................... 8
    D. This Motion is Proper and Should Be Granted by the Court Because of Defendants' Counsel's Heinous Conduct in Response to Plaintiff's Attempt to Meet and Confer ........................................ 10
III. CONCLUSION ................................................................................... 11

# TABLE OF AUTHORITIES

Cases                                                                                                                    Pages

*American Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745, 746-47
    (7th Cir. 1966) .................................................................................................. 3

*Byrne v. Nezhat* 261 F.3d 1075, 1133, fn. 114 (11th Cir. 2001) ............................... 3

*Davis v. Coca-Cola Bottling Co. Consolidated* (11th Cir. 2008) 516 F.3d
    955 ..................................................................................................................... 3

*Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*,
    2011 WL 3809933, at *1 (C.D.Cal. Aug. 25, 2011) ............................................ 7

*Djourabchi v. Self*, 571 F.Supp.2d 41, 50 (D.C. 2008) ......................................... 4, 5

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) ................................. 2

*Harvey Aluminum (Inc.) v. N.L.R.B.*, 335 F.2d 749, 758 (9th Cir. 1964) ................. 4

*J & J Sports Prods., Inc. v. Enedina Soto*, 2010 WL 3911467, at *1
(S.D.Cal. Sept. 28, 2010) ........................................................................................ 7

   *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049
(N.D.Cal. 2004) .............................................................................................. 6, 7, 8

*Schechter v. Comptroller of City of New York*, 29 F.3d 265, 270
    (2nd Cir. 1996) ................................................................................................ 7, 8

*Simmons v. Navajo County, Arizona*, (9th Cir. 2010) 609 F.3d 1011, 1023 .............. 6

*Woodfield v. Bowman* (5th Cir. 1999) 193 F.3d 354 .................................................. 6

*Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ............................. 2, 6

Rules
Fed. R. Civ. P. 11(b)(4) ................................................................................... 1, 3, 5
Fed. R. Civ. P. 12(f) ................................................................................................ 2
Fed. R. Civ. P. 8(b)(2) ......................................................................................... 3, 5
Fed. R. Civ. P. 8(b)(4) ......................................................................................... 3, 5
Fed. R. Civ. P. 8(b)(A) ............................................................................................ 2
Rule 11(b)(4) ........................................................................................................... 1
Rule 8(b)(1)(A) ....................................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff filed the Complaint in this matter in Los Angeles Superior Court on October 29, 2013 against the City of Los Angeles and several Los Angeles Police Department officers for civil rights violations in connection with the shooting of a young mentally ill woman, Kamisha Davidson, in her own bedroom.

It is Defendants, however, who have insisted on availing themselves of the benefits of a federal forum in this case – which include the unanimous jury requirement for civil trials – by filing a Notice of Removal on December 5, 2013. Therefore, it is ironic that Defendants are now unwilling to comply with the most fundamental requirements of federal pleading.

Plaintiff is aware of the case law suggesting that Motions to Strike are disfavored and of the statement in the Court's standing order reminding the parties that most Rule 12 motions can be avoided through the meet and confer process.

Two extraordinary issues, however, make this Motion to Strike Defendants' Answer a necessary one. First, Defendants' Answer is an extraordinary example of the "shotgun answer" and is alarmingly deficient and incapable of giving Plaintiff fair notice of the substance of Defendants' defenses.

Furthermore, Defendants' serial denials on the basis of an alleged lack of knowledge to several allegations of the Complaint are obviously in bad faith and blatantly violate Rule 11(b)(4). This rule provides as follows

> By presenting to the court a pleading … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(4). Defendants plead they lack sufficient knowledge of whether, *inter alia*, they went to a certain address, whether they spoke to Plaintiff's mother and

sister, whether they were told certain information about Plaintiff, whether they confronted Plaintiff, and whether they shot Plaintiff in the stomach or not. Defendants *must* know whether or not these facts occurred as alleged. Therefore, Defendants' assertions that they do not know whether these events occurred are an obvious sham that will unnecessarily add expense and confusion to this suit.

Second, the conduct of Defendants' counsel Colleen Smith in response to Plaintiff's attempt to meet and confer constitutes a heinous breach of her duty to meet and confer in good faith. Counsel's conduct completely derailed what ought to have been a simple matter of stipulating to the filing of an amended answer.

This matter could easily have been resolved without a motion, had Defendants' counsel been willing to discuss the underlying issues in good faith. As it is, however, Plaintiff has no other recourse than to request that the Court force Defendants to remedy the prejudicial defects in their Answer.

## II. ARGUMENT

### A. Standard for Granting a Motion to Strike

A Court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. See *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

Federal Rule of Civil Procedure 8(b)(A) requires that a party state a short and plain statement in its defenses when responding to a pleading. Fed. R. Civ. P. 8(b)(A). An affirmative defense is insufficient if it fails to give plaintiff "fair notice" of the nature of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. See *Fogerty*, 984 F.2d at 1527. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *Ibid.*

Finally, the "shotgun answer" approach of pleading conclusory affirmative defenses that fail to respond to particular claims usually violates Rule 8(b)(1)(A)'s requirement that a party "state in short and plain terms its defenses to each claim asserted against it." See *Byrne v. Nezhat* 261 F.3d 1075, 1133, fn. 114 (11th Cir. 2001); *Davis v. Coca-Cola Bottling Co. Consolidated* (11th Cir. 2008) 516 F.3d 955, 979-980. This style of pleading affirmative defenses is disfavored, and is grounds for the Court to require repleading of the answer. See *Byrne*, *supra*.

### B. The Court Should Strike Defendants' Serial Denials Based on Lack of Knowledge Because They Were Clearly Made in Bad Faith

Each denial of an answer must "***fairly respond*** to the substance of the allegation …." Fed. R. Civ. P. 8(b)(2) (emphasis added). If the defendant cannot in good faith deny an entire allegation, he or she "***must admit*** the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4) (emphasis added). Denials of factual contentions constitute a ***certificate*** by the attorney or party presenting the answer to the court that the denials are "warranted on the evidence or … reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(4) (emphasis added).

To be effective, a denial based on lack of knowledge and information must be made in good faith. If defendant has personal knowledge concerning the matters alleged (or if such matters are of public record so that it has constructive knowledge), defendant must affirmatively admit or deny the allegation. Fed. R. Civ. P. 11(b)(4); see *American Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745, 746-47 (7th Cir. 1966) (where complaint alleges defendant received excessive patent royalties, defendant cannot deny such allegations on basis of lack of knowledge and information because defendant *must know* whether it received the payments or not).

[A]n answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously [a] sham. In such circumstances the facts alleged in the complaint stand admitted." *Harvey Aluminum (Inc.) v. N.L.R.B.*, 335 F.2d 749, 758 (9th Cir. 1964); *Djourabchi v. Self*, 571 F.Supp.2d 41, 50 (D.C. 2008) ("averment will be deemed admitted when the matter is obviously one as to which a defendant has knowledge or information").

Here, Defendants allege a lack of knowledge or information about the following facts:

- That on November 19, 2011, Defendants Saxton and Marquez went to the 4520 Santa Rosalia apartment complex [Answer at 3:5-13, ¶¶ 12-14; see Compl. ¶¶ 12-14];
- That upon arriving at the apartment complex, Defendants Saxton and Marquez spoke to Donna Haynes and Alicia Davidson [Answer at 3: 11-13, ¶ 14; see Compl. ¶ 14];
- That, prior to confronting Kamisha Davidson, Defendants Saxton and Marquez were told that Davidson was mentally ill [Answer at 3:11-13, ¶ 14; see Compl. ¶ 14];
- That Defendants Saxton and Marquez confronted Kamisha Davidson in person [Answer at 3:14-16, ¶ 15; see Compl. ¶ 15];
- That when Defendants Saxton and Marquez confronted Davidson they were aware that Davidson suffered from mentally ill [Answer 3:14-16, ¶ 15; see Compl. ¶ 15];
- That Defendant Saxton shot Kamisha in the abdomen [Answer at 3:17-19, ¶ 16; see Compl. ¶ 16];
- That when Kamisha was shot, she was unarmed [Answer at 3:20-22, ¶ 17; see Compl. ¶ 17];

4

- That Defendants Saxton and Marquez arrested Kamisha [Answer at 4:1-3, ¶ 20; see Compl. ¶ 20]; and
- That Defendant Saxton discharged his weapon at Kamisha's person [Answer at 4:24-26, 5:18-20, ¶¶ 27, 33; see Compl. ¶¶ 27, 33].

Defendants' answer to these allegations was uniformly as follows: "[a]nswering this paragraph, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations." See, e.g., Answer at 3:5-7, ¶ 12, ECF No. 5.

These facts are of such a nature that Defendants *must* have personal knowledge of whether they occurred as stated or not. Defendants Saxton and Marquez cannot reasonably assert that they do not know whether or not they went to the Davidson residence, confronted Kamisha, and shot her. Therefore, Defendants are required to *affirmative admit or deny* them. Fed. R. Civ. P. 11(b)(4); *American Photocopy*, *supra*, 359 F.2d at 746-47.

Defendants' plea of ignorance with regard to these facts cannot be regarded as a "fair response." Fed. R. Civ. P. 8(b)(2). Moreover, Defendants cannot justify their denials on the basis that they contend that *some* of the matter within a given paragraph of the Complaint lies outside their collective knowledge. If that is the case, Defendants must admit the part that is true and deny the rest. See Fed. R. Civ. P. 8(b)(4).

Therefore, it is plain that Defendants' abovementioned denials on the ground of ignorance are asserted in bad faith. Defendants must have personal knowledge of the alleged facts. Plaintiff will be prejudiced by having to spend extra time and money to prove up allegations that Defendants most should admit.

The sanction for bad faith denials is to deem the allegations admitted. *Harvey*, *supra*, 335 F.2d at 758; *Djourabchi*, *supra*, 571 F.Supp.2d at 50; see also Fed. R. Civ. P. 8(b)(6). The Court should do so in this case, both as a penalty for Defendants' bad

faith, and as an expedient way to trim unnecessary time and expense off the litigation of this suit.

### C. The Court Should Strike Defendants' Affirmative Defenses Because They Utterly Fail to Give Plaintiff Fair Notice of the Factual Grounds Upon Which They Are Being Asserted

"An affirmative defense must be pleaded with enough *specificity or factual particularity* to give plaintiff 'fair notice' of the defense being advanced." Rutter Group Practice Guide: Fed. Civ. P. Before Trial 8:1050.1 (original emphasis); *citing Simmons v. Navajo County, Arizona*, (9th Cir. 2010) 609 F.3d 1011, 1023; *Woodfield v. Bowman* (5th Cir. 1999) 193 F.3d 354, 362. If the defense fails to give plaintiff "fair notice," it should be stricken as an insufficient defense. *Wyshak*, *supra*, 607 F.2d at 827.

An affirmative defense that merely references a doctrine or a series of statutory provisions is insufficient notice and should be stricken. *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D.Cal. 2004). The affirmative defense must not only set forth the elements of the doctrine or statute, but must also allege a factual basis for those elements from the facts of the case. *Id.* at 1049-50.

It will be shown that Defendants affirmative defenses are entirely devoid of supporting factual allegations. The affirmative defenses appear to be boilerplate, conclusory, and contain no allegations tying them to the instant case. The Court should strike these insufficient defenses, otherwise Plaintiff will be prejudiced by being kept in the dark as to what facts she can allege and prove to rebut the factual basis of Defendants' defenses.

#### i. The First Affirmative Defense of Failure to State a Claim Is Improper Because It Is an Assertion of a Defect and Not an Affirmative Defense

The assertion of the First Affirmative Defense that Plaintiffs' causes of action fail to state colorable claims is an assertion of a defect, and not an affirmative defense. *J & J Sports Prods., Inc. v. Enedina Soto*, 2010 WL 3911467, at *1

(S.D.Cal. Sept. 28, 2010). Therefore, it is both impertinent and improper to Defendants' Answer and should be stricken by the Court *without* leave to amend. *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, 2011 WL 3809933, at *1 (C.D.Cal. Aug. 25, 2011).

Furthermore, this purported affirmative defense consists wholly of legal conclusion and is devoid of supporting facts linking the theory to the instant Case. [Answer 16:8-10, ECF No. 5.] Defendants also fail to indicate for each cause of action what is the nature of the deficiency.

As such, this First Affirmative Defense is insufficient to give Plaintiff fair notice of the basis of the defense and should be stricken. *Qarbon.com, Inc.*, *supra*, 315 F.Supp.2d at 1049.

### ii. Defendants Fail to Plead Their Second and Third Affirmative Defenses Asserting Qualified Immunities with Enough Particularity

A government official claiming the defense of qualified immunity must plead that defense with particularity. Specifically, the official must plead that the specific acts at issue were performed within the scope of his or her official duties. *Schechter v. Comptroller of City of New York*, 29 F.3d 265, 270 (2nd Cir. 1996).

Defendants' Second Affirmative Defense asserting qualified immunity is alleged as follows:

> Defendants are protected from liability under the doctrine of qualified immunity because the alleged conduct of the individually named Defendant did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

[Answer 16:15-18, ECF No. 5.]

This affirmative defense just recites the elements of the qualified immunity doctrine. There are no specific factual allegations bearing on the Case at hand. Defendants do not even bother to identify which of the three officers the term "individually named Defendant" applies to, let alone specifically plead which acts of

the "Defendant" were reasonably conducted without knowledge of a constitutional or statutory violation. See *Schechter*, *supra*, 29 F.3d at 270.

Defendants' Third Affirmative Defenses asserting "qualified immunities" is pleaded as follows:

> Defendants are immune from liability pursuant to the provisions of each of the following California statutes, each of which is set forth as a separate and distinct affirmative defense: California Government Code §§ 815.2, 815.6, 818, 818.8, 820.2, 820.4, 820.8, 822.2, 835a, 845, 845.6, 845.8, 846, 850.8, 855.6, and 856.4.

[Answer 16:23-26, ECF No. 5.]

This affirmative defense is little more than a list of statutory provisions, and is fatally deficient for that reason alone. *Qarbon.com, Inc.*, *supra*, 315 F.Supp.2d at 1049. Moreover, Defendants have obviously failed to even plead the elements of the various theories of qualified immunity set forth in the sixteen (16) statutory provisions that are named, let alone provide factual allegations to support these theories. *Id.* at 1049-50.

In sum, Defendants' Second and Third Affirmative Defenses asserting qualified immunity are inadequate to give Plaintiff fair notice of the basis of these defenses and should be stricken for that reason.

### iii. Defendants' Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses Consist Entirely of Conclusory Allegations and Fail to Give Fair Notice to Plaintiffs of Defendants' Factual Grounds for Bringing Them

Defendants' Fourth and Fifth Affirmative Defendants asserting contributory negligence by Plaintiff and by other persons, respectively, allege that any damages complained of by Plaintiff were proximately caused were proximately caused by the negligence of Plaintiff and/or the "negligence or other culpable conduct" of other persons, respectively. [Answer 17:4-9, 14-19, ECF No. 5.] Defendants fail to allege any actual facts to support these defenses. Defendants do not identify what purported

acts of negligence "or other culpable conduct" Ms. Davidson or "other persons" are supposed to have committed. As a result, Plaintiff is conveniently left in the dark as to the nature of these defenses. Plaintiff is at a loss how to factually rebut or test the legal sufficiency of these defenses.

Defendants Sixth Affirmative Defense asserting self-defense is pleaded as follows: "[t]he force used against Plaintiff, if any, was caused and necessitated by the actions of Plaintiff, and was reasonable and necessary for self-defense." [Answer 17:24-25, ECF No. 5.] This generic statement is not even sufficient to constitute an adequate *definition* of what "self-defense" means. Defendants fail to put plead the elements of a claim of self-defense such as, for example, reasonable belief that bodily injury is about to be inflicted, and use of reasonable force to prevent such injury. See, e.g., CALJIC 5.30. Defendants fail to allege what actions Ms. Davidson is supposed to have done to warrant their use of force. There are no allegations that any party, other than Plaintiff, was in any danger.

Defendants Seventh Affirmative Defense asserting a defense-of-others defense is pleaded as follows: "[t]he force used against Plaintiff, if any, was caused and necessitated by the actions of Plaintiff, and was reasonable and necessary for the defense of others." [Answer 18:4-5, ECF No. 5.] This defense suffers from the same defects present in the Sixth Affirmative Defense.

Finally, Defendants Eighth Affirmative Defense asserting privilege is pleaded as follows: "[t]he conduct alleged by Defendants in the subject complaint is privileged." [Answer 18:11, ECF No. 5.] This defense fails to identify what acts of which Defendants are "privileged," the nature of the supposed privilege, and the elements of the supposed privilege. This defense is a complete mystery. There is no way to test its legal sufficiency or identify its factual basis.

In sum, Defendants' affirmative defenses are remarkable for the lack of actual information alleged in them. They are patently insufficient, and they give no factual basis or means of testing their legal sufficiency, which requires examination the

1 relationship between the legal theory of defense and the facts on which the defense is
2 based.

### D. This Motion is Proper and Should Be Granted by the Court Because of Defendants' Counsel's Heinous Conduct in Response to Plaintiff's Attempt to Meet and Confer

6       The Court's standing order requires that "[c]ounsel must comply with Local
7 Rule 7-3, which requires counsel to engage in a pre-filing conference 'to discuss
8 thoroughly … the substance of the contemplated motion and any potential
9 resolution.' Counsel should discuss the issues to a sufficient degree that if a motion is
10 still necessary, the briefing may be directed to those substantive issues requiring
11 resolution by the Court." Standing Order at 4:4-9, ECF No. 4. A thorough discussion
12 of "the substance of the contemplated motion and any potential resolution" logically
13 requires counsel to consider thoughtfully the other's position and supporting
14 authority.

15       Here, however, Ms. Smith started the conference process badly by ignoring
16 Plaintiff's first meet and confer letter. Decl. Henriks ¶ 2. Only after several phone
17 calls from Plaintiff's counsel did Ms. Smith respond, though she did not address any
18 of the substantive issues that Plaintiff raised. Decl. Henriks ¶¶ 5-6.

19       When Plaintiff's counsel and Ms. Smith finally did speak over the telephone,
20 Ms. Smith was from the beginning overly aggressive and rebuffed Plaintiff's attempts
21 to engage in discussion on the actual issues raised in the contemplated motion. Decl.
22 Henriks ¶ 8. When Plaintiff's counsel suggested that Ms. Smith consider the authority
23 in favor of Plaintiff's position, Ms. Smith seemed to explode with rage and raised her
24 voice to an outrageous level. She declared the meet and confer to be "over" and
25 ended the discussion. Decl. Henriks ¶ 8. The outburst was so loud, it was heard
26 throughout Plaintiff's counsel's office. See Decl. Ridgill ¶ 3; Decl. Shahbazian ¶ 3;
27 Decl. Martinez ¶ 3.

28

## III. CONCLUSION

In conclusion, Plaintiff respectfully requests that the Court strike Defendants' denials in paragraphs 12, 13, 14, 15, 16, 17, 20, 27, and 33 of Defendants' Answer because they are in bad faith Defendants request that the Court deem paragraphs 12, 13, 14, 15, 16, 17, 20, 27, and 33 of Plaintiff's Complaint to be admitted by Defendants. Plaintiff also requests that the Court strike Defendants' First through Eighth Affirmative Defenses because they fail to plead sufficient facts to give fair notice to Plaintiff of the grounds of those defenses.

Dated:  December 31, 2013                **McMURRAY HENRIKS, LLP**

By:   */S/ Yana Henriks*
         YANA G. HENRIKS, Esq.
         Attorney for Defendant
         KAMISHA DAVIDSON